IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS KLINGER, JR., Individually, and as the Administrator of the Estate of Dennis Klinger, Sr., | ) ) ) ) | CASE NO. 4:11CV2299 JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| v. | ) ) | |
| CORRECTIONS CORPORATION OF AMERICA, INC., et al., | ) ) ) | |
| Defendants. | ) ) | **REPORT AND RECOMMENDATION** |

On December 29, 2011, this case was referred to the undersigned Magistrate Judge for general pretrial supervision, including the preparation of reports and recommendations on dispositive motions.  ECF Doc. 9.  The case is now before the Court on the Motion for Summary Judgment Due to Plaintiff's Lack of Standing and Capacity to Sue filed on July 3, 2012, by Defendants Corrections Corporation of America ("CCA") and Joseph Gunja (collectively, "CCA Defendants").  ECF Doc. 49.

Dennis Klinger, Jr. ("Plaintiff") has asserted wrongful death and survivorship claims against CCA Defendants.  CCA Defendants contend that they are entitled to summary judgment because Plaintiff was not duly appointed as personal representative of the estate of his deceased father, Dennis Klinger, Sr. ("Klinger") as of October 26, 2011, when he filed the complaint, nor did he become appointed until after the statute of limitations expired.  The facts alleged by CCA Defendants are undisputed.  So too is the fact that Plaintiff was duly appointed on May 24, 2012, before CCA Defendants filed their Motion for Summary Judgment.  However, Plaintiff did not file his Fourth Amended Complaint (ECF Doc. 63) reflecting his appointment until October 2, 2012,after briefing on the Motion for Summary Judgment was completed.  As is set forth more

1

fully below, CCA Defendants' Motion for Summary Judgment should be DENIED because, under Fed. R. Civ. P. 15(c), the allegations of Plaintiff's Fourth Amended Complaint reflecting his appointment as personal representative relate back to the filing of the original Complaint.

## I. Facts

**A.     Background**

Plaintiff's father was arrested on June 12, 2007, by agents of the Immigration and Customs Enforcement as a result of a federal investigation into the sexual exploitation of children.  *United States v. Klinger*, No. 1:07-cr-00385 (N.D. Ohio), Affidavit in Support of Criminal Complaint, ECF Doc. 1-1.  He was charged with attempted receipt, "by mail, of three DVDs containing visual depictions of minors engaged in sexually explicit conduct as defined by 18 U.S.C § 2256(2), in violation of 18 U.S.C. § 2252(a)(2)."  *United States v. Klinger,* No. 1:07-cr-00385 (N.D. Ohio)*,* Criminal Complaint, ECF Doc. 1.  After his arrest, on or about June 13, 2007, Klinger was moved to the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio.[1]  Fourth Amended Complaint, ECF Doc. 63, at ¶ 1.  Klinger was detained pending trial and was incarcerated at NEOCC during the criminal proceedings.  Fourth Amended Complaint, ECF Doc. 29, at ¶ 1.

On September 5, 2007, Klinger executed a plea agreement and entered guilty pleas to one count of attempted receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  *United States v. Klinger,* No. 1:07-cr-00385 (N.D. Ohio), ECF Doc. 33, Plea Agreement.  On November 30, 2007, the court sentenced Klinger to 15 years in prison and recommended that he be designated to serve his sentence at the Butner

---

[1] NEOCC is owned and operated by CCA.  Fourth Amended Complaint, ECF Doc. 29, at ¶ 1.  At all relevant times, Defendant Joseph Gunja was employed by CCA as Warden of NEOCC.  *Id.* at ¶ 9.

Federal Correctional Complex in North Carolina ("FCC-Butner") and/or another facility capable of addressing Klinger's ongoing medical issues, i.e., Crohn's disease. *United States v. Klinger,* No. 1:07-cr-00385 (N.D. Ohio), ECF Doc. 43, Judgment Entry, at p. 2.

Klinger was detained at NEOCC from June 13, 2007, until approximately March 15, 2008, when he was transferred to FCC-Butner. Fourth Amended Complaint, ECF Doc. 29, at ¶¶ 2, 27. Klinger died intestate at FCC-Butner on October 29, 2009. *Id.* at ¶¶ 2, 31; *see also* Motion for Summary Judgment, ECF Doc. 49, Exhibit 2, at p. 7 (certified copy of Application for Authority to Administer Estate filed in Probate Court of Cuyahoga County, *In re Estate of Dennis Klinger Sr.* Case No. 2012 EST 178203).

**B.     Procedural History**

    **1.     Pleadings**

On October 26, 2011, Plaintiff brought this wrongful death and survival action against CCA, Warden Gunja, and the Federal Bureau of Prisons, contending that the denial of appropriate medical care, i.e., a medically appropriate diet and intravenous Remicade infusions, at both NEOCC and FCC-Butner proximately caused the death of Klinger. ECF Doc. 1. In his Complaint, Plaintiff alleged that he "was the son of the late Dennis Klinger, Sr. and served [sic] as the Administrator of his deceased father's Estate. Plaintiff brings this action both individually and in his fiduciary capacity on behalf of other surviving family members and next of kin of Dennis Klinger, Sr." ECF Doc. 1, at ¶ 7. However, prior to the filing date, no estate had been opened for Klinger and Plaintiff had never been appointed to serve as the personal representative of the estate. Defendants' Motion for Summary Judgment, ECF Doc. 49, Exhibit 2 (certified copy of Probate Court records as of June 27, 2012, *In re Estate of Dennis Klinger Sr.* Case No. 2012 EST 178203).

On January 13, 2012, Plaintiff amended his Complaint as a matter of right.  ECF Doc. 11.  In the First Amended Complaint, Plaintiff maintained his wrongful death and survival claims against CCA Defendants but changed the legal grounds for those claims.  Plaintiff again represented that he served as the administrator of his deceased father's estate.  ECF Doc. 11, at ¶ 7.  At that time, no estate had yet been opened for Klinger and Plaintiff had not been appointed to serve as the personal representative of the estate.  Defendants' Motion for Summary Judgment, ECF Doc. 49, Exhibit 2 (certified copy of Probate Court records as of June 27, 2012, *In re Estate of Dennis Klinger Sr.* Case No. 2012 EST 178203).

On March 21, 2012, with leave of Court, Plaintiff filed his Second Amended Complaint, maintaining the same survival and wrongful death claims against CCA Defendants and adding a Freedom of Information Act (FOIA) claim against the Federal Bureau of Prisons.  ECF Doc. 22.  On March 26, 2012, Plaintiff filed a Corrected Second Amended Complaint.  ECF Doc. 24.  In both of these pleadings, Plaintiff continued to represent that he was the administrator of his father's estate.  ECF Doc. 22, at ¶ 7; ECF Doc. 24, at ¶ 7.  It is undisputed that Plaintiff still had not taken any action to open an estate for his father or be appointed personal representative of the estate.

On April 12, 2012, with leave of Court, Plaintiff filed a Third Amended Complaint.  ECF Doc. 29.  In his Third Amended Complaint, Plaintiff maintained his wrongful death and survival claims against CCA Defendants and added wrongful death and survival claims against the United States under the Federal Tort Claims Act (FTCA).  ECF Doc. 29.  Yet again, Plaintiff asserted that he was the administrator of his deceased father's estate.  ECF Doc. 29, ¶ 7.  It is undisputed that, as before, Plaintiff had not taken any action to open an estate for his father or be appointed personal representative of the estate.

4

On October 2, 2012, Plaintiff filed a Fourth Amended Complaint with leave of Court. ECF Doc. 63. In the Fourth Amended Complaint, Plaintiff maintains his claims against CCA Defendants for the wrongful death of Klinger (Fourth Amended Complaint – Count 2 (wrongful death)), as well as Klinger's claims for personal injuries, which survive his death for the benefit of his estate (Fourth Amended Complaint – Count 2 (pre-death pain and suffering) and Count 5 (intentional infliction of emotional distress survival claim). In addition, Plaintiff acknowledges that he had not opened an estate for his father and was not duly appointed as personal representative of the estate when he filed this action. ECF Doc. 63, at ¶ 36. Plaintiff then alleges that, upon learning that formal appointment was necessary to maintain the present action, he promptly opened an estate for his father and was appointed as administrator for the estate. ECF Doc. 63, at ¶ 36.[2]

2.  **CCA Defendants' Motion for Summary Judgment**

On July 3, 2012, CCA Defendants filed a Motion for Summary Judgment Due to Plaintiff's Lack of Standing and Capacity to Sue. ECF Doc. 49. In this motion, CCA Defendants assert that they are entitled to summary judgment on all of the claims asserted by Plaintiff because he was not duly appointed as personal representative of the estate of his deceased father at the time he filed the complaint, nor did he become appointed until after the statute of limitations expired. On August 6, 2012, Plaintiff filed a "Memorandum of Points and Authorities Contra the CCA Defendants' Motion for Summary Judgment". ECF Doc. 54. On August 23, 2012, CCA Defendants filed a Reply Memorandum in support of their Motion for Summary Judgment. ECF Doc. 58.

---

[2] Upon review of the documents submitted by CCA Defendants in support of their Motion to Summary Judgment, it appears that, on April 23, 2012, Plaintiff opened an estate for Dennis Klinger, Sr. in the Probate Court of Cuyahoga County, Ohio. Defendants' Motion for Summary Judgment, ECF Doc. 49, Exhibit 2, at pp. 8-9 (certified copy of Probate Court records as of June 27, 2012, *In re Estate of Dennis Klinger Sr.* Case No. 2012 EST 178203). In addition, it appears that the Probate Court issued Letters of Authority appointing Plaintiff as administrator of his father's estate on May 24, 2012. *Id.* at pp. 1-3.

The issue in this case is whether Plaintiff's subsequent appointment as personal administrator of his father's estate, as alleged in the Fourth Amended Complaint, relates back to the date of filing of the original Complaint.  In the briefs submitted to the Court, the parties did not address Rule 15(c) of the Federal Rules of Civil Procedure, which governs the relation back of amended pleadings.  On October 9, 2012, the undersigned Magistrate Judge issued an Order requiring the parties to submit supplemental briefs and specifically address whether the Fourth Amended Complaint relates back to the original Complaint under Rule 15(c).  ECF Doc. 67.  On October 19, 2012, the parties filed their supplemental briefs.  ECF Docs. 74 and 75.

## II.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information.  Fed.R.Civ.P. 56(c)(1)(A).  After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1986).  In order to defeat a motion for summary judgment, the non-moving party must present significant probative evidence that supports its position.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)

6

### III. Arguments of the Parties

CCA Defendants argue that Plaintiff's claims are void and time-barred. Specifically, CCA Defendants assert that Plaintiff lacks standing to bring wrongful death and survival claims because he did not open an estate for Klinger and, in turn, was not appointed as administrator, executor, or personal representative for the decedent's estate until after the statutes of limitations for such claims expired.[3] CCA Defendants further contend that Plaintiff's subsequent appointment as administrator of the decedent's estate does not relate back to the filing of the Complaint. Thus, CCA Defendants argue that they are entitled to judgment as a matter of law on all of Plaintiff's claims.

In response, Plaintiff contends that the subsequent formation of his father's estate and Plaintiff's appointment as personal representative for the estate, as alleged in the Fourth Amended Complaint, relate back to the date of the filing of the Complaint pursuant to Rule 15(c). Plaintiff therefore argues that the Complaint is not barred by the two year statute of limitations and that the claims of the estate should be allowed to go forward on the merits.

### IV. Law & Analysis

**A.  Wrongful Death Claims**

Klinger died on October 29, 2009. Plaintiff filed this action on October 26, 2011, three days before the two-year statute of limitations expired. ECF Doc. 1. The first issue is whether Plaintiff had the legal capacity to assert a wrongful death claim against CCA Defendants on October 26, 2011. If he did not, the claims against CCA Defendants are void *ab initio* and are now barred by the statute of limitations unless Plaintiff's subsequent appointment as personal representative of the estate, as alleged in the Fourth Amended Complaint, relates back to the date

---

[3] Ohio Rev. Code § 2125.02(D)(1) provides that "a civil action for wrongful death shall be commenced within two years of the decedent's death."

of the filing of the original Complaint.  Therefore, the second issue is whether Plaintiff's Fourth Amended Complaint, which attempts to cure the defect in the original Complaint regarding Plaintiff's capacity to sue on behalf of the estate, relates back to the filing of his original Complaint.  Each issue will be addressed in turn.

      **1.**      **Standing/Capacity to Sue**

The capacity to sue or be sued is controlled by Federal Rule of Civil Procedure 17(b).  The issue of whether Plaintiff is a proper party with the capacity to sue in federal court is governed by "the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3); *Medlen v. Estate of Meyers*, 273 Fed. Appx. 464, 470 (6th Cir. 2008) (holding that, "[t]o determine whether the Estate was a proper party with the capacity to be sued, we must look to Ohio law because it is 'the law of the State in which the district court is held . . . .'").  Thus, Ohio law governs the capacity to sue issue before the Court.

Under Ohio law, the cause of action for wrongful death is a statutorily created right, governed by Ohio Revised Code § 2125.01 *et seq*.  *See Estate of Owensby v. City of Cincinnati*, 385 F. Supp.2d 619, 623 (S.D. Ohio 2004).  Section 2125.01 provides, in pertinent part:

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued . . . shall be liable to an action for damages, notwithstanding the death of the person injured . . . .

Ohio Rev. Code § 2125.01.  A wrongful death claim is asserted on behalf of the decedent's survivors "distinct and apart from the right of action which the injured person may have had." *Wingrove v. Forshey*, 230 F. Supp.2d 808, 826 (S.D. Ohio 2002).  Section 2125.02(A)(1) identifies those individuals who have standing to bring a claim for wrongful death and states: "[A] civil action for wrongful death shall be brought in the name of the ***personal representative***

8

of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death." Ohio Rev. Code § 2125.02(A)(1) (emphasis added).

The Ohio Supreme Court considered who may file a wrongful death action in *Ramsey v. Neiman*, 69 Ohio St.3d 508, 634 N.E.2d 211, 214 (1994). In that case, the father of a decedent, as the alleged administrator of the decedent's estate, brought a wrongful death action against a landlord. However, the father had never been appointed as the estate's administrator and never applied to the probate court to be administrator. At issue before the Ohio Supreme Court was "whether a wrongful death action may be brought under R.C. Chapter 2125 by a person who has not been appointed by a court to be the decedent's personal representative." *Id.* at 509. The Ohio Supreme Court answered in the negative and held that "[a] cause of action in wrongful death arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate." *Id*. at 512.

Based on the holding in *Ramsey,* another court in this District has found that, under Ohio law, a relative who has not been legally appointed as a personal representative of the decedent's estate lacks standing to pursue an action on behalf of the estate to its conclusion. *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, 1:09 CV 688, 2011 WL 2174671, at *3 (N.D. Ohio June 1, 2011).

In this case, it is undisputed that Plaintiff's action for wrongful death was not, at the time it was filed, "brought in the name of the personal representative of decedent," as required by Section 2125.02(A)(1). Plaintiff commenced this action on October 26, 2011, but did not open an estate for his deceased father until April 23, 2012, and was not appointed by the probate court as personal representative of the estate until May 24, 2012. Plaintiff therefore lacked the legal

9

capacity to assert a wrongful death claim on behalf of the estate at the time this action was filed because he was not legally appointed as personal representative of the estate at that time.

## 2. Statute of Limitations/Relation Back Doctrine

Because Plaintiff lacked the capacity to bring a wrongful death claim on behalf of his father's estate at the time he filed this case, the claims in his original Complaint against CCA Defendants are void *ab initio* and would now be barred by the two-year statute of limitations unless his Fourth Amended Complaint relates back to the original date of the filing of the Complaint and saves the claims.  Rule 15(c) controls the relation back of amendments and states that an amendment to a pleading relates back to the date of the original pleading when **any** of the following apply:

- (A) The law that provides the applicable statute of limitations allows relation back;

- (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; ***or***

- (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    - (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    - (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1) (emphasis added).  The rule is based on the notion that, "once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence

as set forth in the original pleading." *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999) (citing 6A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1496-1497 (1990)). As noted by the Sixth Circuit, the "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) (internal quotation omitted).

Rule 15(c)(1) makes clear that state law is not necessarily controlling on the issue of relation back. It states that an amended pleading relates back to the date of the original pleading when either subsection (A), (B), ***or*** (C) is met. *See Brown*, 172 F.3d at 932 (noting that the conjunction connecting the three parts of Rule 15(c) is "or," not "and"). Rule 15(c)'s subparts are separated by the word "or" and are thus written in the disjunctive. The legislative history of subpart (A) also makes this clear. Subpart (A) was added to the Rule by amendment in 1991 with the expressed intent that, if state law provides a more generous relation back rule than the federal rule (now embodied in subpart (B) of Rule 15(c)(1)), the more generous state rule would apply.[4] However, if state law would not allow relation back when the federal rule would, i.e., the federal rule found in subpart (B) is more generous than the state relation back rule, the federal rule would apply. *See Coons v. Industrial Knife Co.*, Inc., 620 F.3d 38 (1st Cir. 2010) (describing the choice between the different parts of Rule 15(c)(1) as a "a one-way ratchet," meaning that a party is entitled to invoke the more permissive relation back rule, whether that is the state relation back rule or the federal relation back rule). Plaintiff's amendment therefore relates back to the original pleading if any subpart of Rule 15(c)(1) is satisfied. *See Szabo v. CSX Transportation, Inc.*, 1 Fed. Appx. 277, 279 (6th Cir. 2001).

---

[4] *See* Advisory Committee's Notes on 1991 Amendment of Rule 15 ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

In this case, the Court need only consider subparts (A) and (B) of Rule 15(c)(1) in order to determine whether Plaintiff's Fourth Amended Complaint relates back. Subpart (C) does not apply because it governs the relation back of an amendment that "changes the party or the naming of the party <u>against</u> whom a claim is asserted" (emphasis supplied) and the Fourth Amended Complaint does neither of those things.  As set forth below, Plaintiff's Fourth Amended Complaint clearly relates back under subpart (B).  The result is less clear under subpart (A) but, as noted above, the subparts of Rule 15(c)(1) are set forth in the disjunctive so satisfaction of one subpart is sufficient.

Under subpart (A), if an amendment relates back under the law that provides the applicable statute of limitations, the amendment relates back under Rule 15(c)(1).  Upon review of the relevant legal authorities cited to by the parties in their briefs, it is unclear whether, under Ohio law, Plaintiff's subsequent appointment as personal representative of his father's estate, as alleged in the Fourth Amended Complaint, would relate back to the date of the original Complaint.  Indeed, the Ohio Supreme Court has not squarely addressed the issue.  *See, e.g.*, [Ramsey v. Neiman, 69 Ohio St.3d 508, 634 N.E.2d 211, 214 (1994)](#).  Likewise, the state intermediate appellate courts appear to be split on the issue.  *Compare, for example,* [Stone v. Phillips, No. 15908, 1993 WL 303281 (Ohio App. 9th Dist. Aug. 11, 1993)](#) (holding that Ohio Rev. Code § 2125.02 is to be construed liberally, and that generally the appointment of an administrator is deemed to relate back to the time of filing of a complaint), *with Gottke v. Diebold, Inc.,* No. CA-3484, 1990 WL 120801 (Ohio App. 5th Dist. Aug. 9, 1990) (holding that an action for wrongful death must be brought in the name of the personal representative of the decedent, and if it is not, neither Rule 17 of the Ohio Rules of Civil Procedure nor the doctrine of relation back will apply to save the action from an expired statute of limitations if the decedent's

representative is added after the statute has run).

In *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, 1:09 CV 688, 2011 WL 2174671, at *3 (N.D. Ohio June 1, 2011), the court discussed the uncertainty in Ohio on the issue of whether the subsequent appointment of an administrator relates back to the date of the filing of the original complaint.[5]  In that case, the plaintiffs sued the Mentor Public School District and various school officials for the wrongful death of their son.  The plaintiffs filed their lawsuit on March 26, 2009, and the statute of limitations for a wrongful death claim expired on March 29, 2009.  However, the plaintiffs did not open an estate for their son until after they filed their lawsuit and until after the statute of limitations expired.  The defendants moved to dismiss the complaint, arguing, *inter alia*, that the plaintiffs lacked standing/capacity to sue and that their claims were void and subsequently barred by the statute of limitations.  After discussing the lack of controlling authority in Ohio on this issue, the court found that Ohio Rev. Code § 2125.02, which sets forth the statute of limitations for a wrongful death claim in Ohio, did not provide any basis for allowing the plaintiffs to avoid the statute of limitations by relating back the subsequent appointment as personal representative to the filing of the original complaint when the complaint was filed without any legal standing and in contradiction to the requirements of the governing statute.  *Id.* at *5.  The court concluded that the estate's claims were barred under the two year statute of limitations since the estate itself was not properly established and no duly appointed personal representative existed before the expiration for the statute of limitations.  *Id.*

Based on the court's discussion in *Mohat*, it appears that the court would have concluded that, under subpart (A) of Rule 15(c)(1), Ohio law would not have allowed the amended pleading

---

[5] The *Mohat* court initially certified to the Ohio Supreme Court the question whether the amendment would relate back under Ohio law.  After accepting certification of the question, the Ohio Supreme Court later dismissed the case as having been "improvidently accepted for review," thus returning the question to the district court.  *Mohat,* 2011 WL 2174671, at *5.

13

to relate back to the original pleading.  However, it is significant that no argument was made in *Mohat* under Rule 15(c) and the court did not address that Rule in its decision.  *Mohat* is therefore distinguishable.  As previously noted, the subparts of Rule 15(c)(1) are written in the disjunctive and only one of the subparts of the rule need be satisfied for an amendment to relate back to the original pleading.  Thus, even if Plaintiff's Fourth Amended Complaint does not relate back under subpart (A), the amendment does relate back to the original pleading if subpart (B) is satisfied.

On the facts of this case, it is clear that, under Rule 15(c)(1)(B), Plaintiff's Fourth Amended Complaint, which merely reflects Plaintiff's appointment as personal representative of his father's estate, relates back to the commencement of this suit.  The amendment does not assert any new claims or causes of action against CCA Defendants and in no way alters the known facts and issues on which the action is base.  Furthermore, CCA Defendants received notice of Plaintiff's claims before the statute of limitations expired and have failed to establish that they will suffer any undue hardship or prejudice by the amendment.  Subpart (B) of Rule 15(c)(1) is therefore satisfied because the claims in the Fourth Amended Complaint arose out of the same conduct, transaction, or occurrence set forth in the original Complaint.  Accordingly, Plaintiff's subsequent appointment as personal representative for his father's estate, as alleged in the Fourth Amended Complaint, relates back to the date of the filing of the Complaint.

Notwithstanding the foregoing, in their supplemental brief, CCA Defendants argue that applying subpart (B) of Rule 15(c)(1) to save Plaintiff's wrongful death claims would violate the *Erie* Doctrine.[6]  Doc. 75.  Specifically, CCA Defendants argue that, while Rule 15(c) trumps procedural state laws by allowing for enlargement of limitations periods, when a state's

---

[6] *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938).

limitation period or other requirement is a condition precedent for prosecution of a state law claim, relation back is not permitted unless all conditions precedent were properly satisfied in accordance with substantive state law. Doc. 75, pp. 1-2. Defendants then argue that the requirement in the Wrongful Death Statute that a duly appointed personal representative brings the action is a condition precedent to suit. Doc. 75, pp. 2-3.

CCA Defendants are mistaken with respect to their *Erie* argument. As discussed above, the disjunctive structure of the subparts of Rule 15(c)(1) is intended to allow the more generous relation back rule to apply. That structure does not offend *Erie*. *See* 3-15 Moore's Federal Practice § 15.20 (3d ed. & Supp. 2012) ("If the original pleading gave fair notice of the factual basis out of which the claim arose, the opposing party is not deprived of any protection provided by the state statute of limitations."). More particularly, applying the more generous federal relation back rule in this case does not offend the *Erie* doctrine because it does not affect the substance of the wrongful death cause of action. The Ohio Supreme Court, in *Douglas v. Daniels Bros. Coal Co.*, 135 Ohio St. 641, 22 N.E.2d 195 (1939), a case very similar to this one, allowed a widow's amendment of a wrongful death complaint to allege her appointment as administrator of her deceased husband's estate to relate back.[7] The Ohio Supreme Court reasoned that the amendment related to the "right of action [i.e., procedure] as [distinguished] from the cause of action [i.e., substance]" and the amendment did "not substantially change the

---

[7] In *Douglas,* the widow filed the action as the decedent's personal representative under the mistaken impression that she had been appointed. Thus, similar to the Plaintiff in this case, the widow filed the case without being a validly appointed personal representative. She discovered her error after expiration of the applicable statute of limitations and amended her complaint to show her later appointment as administrator. The Ohio Supreme Court stated:

> In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.

*Id.* at 647 (internal citations omitted).

cause of action." *Id.* at 647.

Federal courts in other states have regularly allowed amended complaints to relate back to the dates of original complaints in wrongful death cases involving facts similar to the case at bar.  *See, e.g., Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253-54 (5th Cir.1982) (noting that substitution of the personal representative of an estate for the surviving parent of the decedent as plaintiff is not the commencement of a new suit and allowing relation back of the amended complaint); *Russell v. New Amsterdam Casualty Company*, 303 F.2d 674, 680–81 (8th Cir. 1962) (permitting plaintiff to amend complaint after being named personal representative of estate); *Lambert v. Beverly Enterprises, Inc.*, 753 F. Supp. 267 (W.D. Ark. 1990) (same); *Brohan on Behalf of Brohan v. Volkswagen Mfg. Corp. of America*, 97 F.R.D. 46, 49 (E.D.N.Y. 1983) (same); *see also Missouri, Kansas & Texas Ry. Co. v. Wulf,* 226 U.S. 570, 573-74, 33 S.Ct. 135, 136-37, 57 L.Ed. 355 (1913) (in an action under the Federal Employers' Liability Act commenced by the mother of the decedent in her individual capacity to recover for the death of her son, the Supreme Court held that the district court may allow amendment of complaint by plaintiff to allege claim in her representative capacity as administratrix of estate; amendment was not equivalent to commencement of a new action so as to subject it to the statute of limitations).

In sum, Plaintiff's subsequent appointment as personal representative for his father's estate, as alleged in the Fourth Amended Complaint, relates back to the date of the filing of the Complaint under Rule 15(c)(1)(B).  This amendment cures the defect regarding Plaintiff's capacity to sue and preserves the estate's wrongful death claims against CCA Defendants.  Accordingly, the estate's wrongful death claims against CCA Defendants are not barred by the statute of limitations.

16

**B.     Standing to Sue/Statute of Limitations – Survivorship Claims**

Plaintiff also appears to assert survivorship claims against CCA Defendants, although these claims are not clearly identified as such in Plaintiff's Fourth Amended Complaint. ECF Doc. 29, Counts 2, 5, and 6. Neither party discusses these claims in any detail in their briefs.

A survivorship claim, in contrast to a wrongful death claim, is brought on behalf of the decedent himself, to assert the same causes of action that the decedent would have asserted on his own behalf. *In re Heparin Products Liab. Litig.*, MDL 1953, 2011 WL 3875361 (N.D. Ohio Sept. 1, 2011). Although wrongful death and survivorship claims "share many of the same issues" and are "asserted against the same defendant," they are "distinct claims that belong to separate individuals." *Peters v. Columbus Steel Castings Co.,* 115 Ohio St.3d 134, 137–38, 873 N.E.2d 1258 (Ohio 2007). Under the general survival statute in Ohio, Ohio Rev. Code § 2305.21, a victim's right of action for personal injuries survives and passes to her personal representative, and may be instituted for the benefit of the estate, notwithstanding that death resulted from injuries for which an action could also be maintained under the Wrongful Death Act, Ohio Rev. Code § 2125.01 *et seq. Shinaver v. Szymanski,* 14 Ohio St.3d 51, 471 N.E.2d 477, 482 (1984)). Under Section 2305.21, an administrator or executor may maintain an action in the same manner in which decedent could have maintained such action if he had survived. *Id.*

The Sixth Circuit has addressed standing in the context of Ohio's survival statute and found that a family member's standing to assert a surviving civil rights claim on behalf of a decedent turns on whether or not the plaintiff qualifies as a personal representative under Ohio law. *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir. 1984). As discussed above, Plaintiff was not appointed as personal representative of his father's estate until after he commenced this lawsuit. Accordingly, as with his wrongful death claims, Plaintiff lacked the capacity to assert survival

claims against CCA Defendants because he was not duly appointed as personal representative of Klinger's estate at the time he commenced this action. However, for the same reasons set forth above, under Rule 15(c)(1)(B), Plaintiff's Fourth Amended Complaint, which cures the defect with regard to Plaintiff's capacity to sue, relates back to the date of the original Complaint because the claims out of the same conduct, transaction, or occurrence set forth in the original Complaint. See *Shinkle v. Union City Body Co.*, 94 F.R.D. 631, 638 (D. Kan. 1982).[8] Accordingly, CCA Defendants are not entitled to summary judgment on Plaintiff's survival claims.

### IV. Conclusion and Recommendation

For the foregoing reasons, CCA Defendants' Motion for Summary Judgment should be DENIED. ECF Doc. 49.

Dated: October 23, 2012

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); see also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[8] In *Shinkle v. Union City Body Co.*, 94 F.R.D. 631, 638 (D. Kan. 1982), the court addressed a Kansas survival action timely brought by the "heirs at law of the decedent Victor Shinkle." After the statute of limitations had run, one of Mr. Shinkle's heirs was appointed as administrator of his estate. The defendants argued that dismissal was required under the statute of limitations because the heirs were not proper parties to bring the action, only the decedent's personal representative. The court allowed the plaintiff to be changed from the heirs of Victor Shinkle to "Mary Catherine Shinkle as administrator of estate" and ruled that this amendment related back to the filing of the original complaint even though it was made more than two years after the cause of action arose. *Id.* at 637.