PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS KLINGER, JR., )<br><br>　　　　Plaintiff, )<br>)<br>　　　　v. )<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA, INC., *et al.*, )<br>)<br>　　　　Defendants. ) | CASE NO. 4:11cv2299<br><br>JUDGE BENITA Y. PEARSON<br><br><br><br>**MEMORANDUM OF OPINION AND ORDER** [Regarding ECF Nos. 49 and 76] |

On October 23, 2012, Magistrate Judge Kathleen Burke issued a report recommending that the Motion for Summary Judgment filed by Defendants Corrections Corporation of America and Joseph Gunja (collectively "CCA Defendants") (ECF No. 49) be denied. ECF No. 76. Defendants timely Objected. ECF No. 81.

**I. Legal Standard**

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report and has considered Defendants' arguments raised in objection. For the reasons below, the Court agrees with the recommendation of the magistrate judge that Defendants' motion be denied.

(4:11cv2299)

## II. Background

Dennis Klinger, Sr. died intestate on October 29, 2009. ECF No. 81 at 1. On October 26, 2011, three days before the two-year statute of limitations expired, his son, Plaintiff, filed a wrongful death action against CCA Defendants. ECF No. 81 at 1. Plaintiff filed the Complaint "Individually and as Administrator of the Estate" of his father. ECF No. 1. However, at that time, an estate had not yet been opened by a probate court and Plaintiff had not been appointed as personal representative of the estate. ECF No. 76 at 3.

On May 24, 2012, Plaintiff was appointed administrator of his father's estate. ECF No. 81 at 3. On July 3, 2012, CCA Defendants filed a Motion for Summary Judgment alleging Plaintiff lacked standing and capacity to bring claims for survival or wrongful death. ECF No. 81 at 3. CCA Defendants argued that, pursuant to Ohio law, only a court-appointed personal representative can bring an action for wrongful death, and Plaintiff was not duly appointed at the time he filed the Complaint and did not become duly appointed until after the statute of limitations had expired. ECF No. 76 at 5.

On October 2, 2012, Plaintiff filed a Fourth Amended Complaint (ECF No. 63). On October 9, 2012, the magistrate judge directed the parties to file supplemental briefs addressing whether the Fourth Amended Complaint related back to the original Complaint pursuant to Fed. R. Civ. Pro. 15(c). ECF No. 67. On October 23, 2012, the magistrate judge issued a Report and Recommendation denying CCA Defendants' motion because Fed. R. Civ. Pro. 15(c)(1)(B) applied in the instant case, with the result that the Fourth Amended Complaint relates back to the original Complaint, thus curing the alleged defect in the original Complaint regarding Plaintiff's

2

(4:11cv2299)

capacity to sue and preserving Plaintiff's wrongful death claims.  ECF No. 76 at 16.  CCA Defendants now object to the application of Rule 15(c).

### III.  Discussion

CCA Defendants argue that the application of Rule 15(c) modifies the substantive right of action of Ohio's wrongful death statute in violation of the Rules Enabling Act, 28 U.S.C. § 2072, which prohibits the Federal Rules of Civil Procedure, or any other procedural rule, to "abridge, enlarge or modify any substantive right."  ECF No. 81 at 5.

In support of their argument, CCA Defendants first assert that the magistrate judge erred in finding *Mohat v. Mentor Exempted Village School Dist. Bd. of Educ.*, 2011 WL 2174671 (N.D. Ohio June 1, 2011) distinguishable.  ECF No. 81 at 7.  CCA Defendants assert the *Mohat* court was proper in its refusal to consider the application of Rule 15.  ECF No. 81 at 7.  The Court disagrees.

The *Mohat* court could not have considered Rule 15 because Rule 15 did not apply to the facts of that case— there was no amended complaint filed after the *Mohat* plaintiff became properly appointed as personal representative to trigger an application of Rule 15.  *Mohat*, 2011 WL 2174671, at *5 (noting the plaintiff had been appointed personal representative in the wrong county probate court, and she had not been properly appointed until November 9, 2009); Case No. 1:09-cv-688 ECF No. 12 (First Amended Complaint, filed July 14, 2009).

CCA Defendants next contend that the magistrate judge erred in considering Justice Day's "*dicta*" in *Douglas v. Daniel Bros. Coal Co.*, 22 N.E.2d 195 (Ohio 1939).  ECF No. 81 at 8.  As an initial matter, the *Douglas* passage quoted in the Report and Recommendation is not

3

(4:11cv2299)

*dicta* — rather, the passage goes to the heart of the matter of that case by distinguishing a "cause of action" from a "right of action."[1] ECF No. 76 at 15-16; *Douglas*, 22 N.E.2d at 198. Furthermore, CCA Defendants mis-characterize *Sabol v. Pekoc*, 76 N.E.2d 84 (Ohio 1947) as "later reject[ing] that [*Douglas*] dicta"(ECF No. 81 at 8)—but *Sabol* does not mention *Douglas* and, in any event, *Sabol* was a pure statute of limitations case and did not involve an issue of a proper personal representative.[2]

CCA Defendants have not cited binding case law or other legal authority asserting that (1) a personal representative must be duly appointed by a court before filing a complaint as a condition precedent to suing pursuant to Ohio's wrongful death statute, and (2) that becoming duly appointed at a later time does not relation back to the original complaint. The Court has not been able to identify binding case law on point. The closest the Court has to an answer is *Ramsey v. Neiman*, 634 N.E. 2d 211 (Ohio 1994), which expressly withheld from answering that question.[3]

---

[1] The Ohio Supreme Court, in *Ramsey v. Neiman*, 634 N.E. 2d 211, 214 (Ohio 1994), a case relied upon by CCA Defendants as well as the magistrate judge, discussed the holding in *Douglas* and cited the paragraph CCA Defendants characterized as *dicta*. In that passage, the *Douglas* court found the capacity to sue was a right of action, and therefore remedial, "contradistinguished from the cause of action," which is substantive. 22 N.E.2d at 198.

[2] Interestingly, the passage in *Sabol* quoted by CCA Defendants is *dicta*— the Ohio Supreme Court speculated that "[f]or example, if beneficiaries and not the personal representative were to bring an action for wrongful death . . . ." 76 N.E.2d at 88.

[3] In *Ramsey*, the plaintiff was not an appointed representative when he filed the complaint and did not become an appointed representative when the Ohio Supreme Court decided the case. The *Ramsey* court wrote,

> we cannot decide the question whether appellant's appointment will relate back to

(4:11cv2299)

The *Mohat* court certified the question to the Ohio Supreme Court for consideration, but the Supreme Court, after initially accepting the case, dismissed it without deciding the question. 2011 WL 2174671 at *5. CCA Defendants' arguments are no more persuasive than the magistrate judge's interpretation. There is no legal authority dictating (1) that having a court appointed personal representative is a condition precedent to the wrongful death statute so as to void the complaint *ab initio*, or (2) that a substantive right under Ohio law has been modified in violation of the Rules Enabling Act when, by application of Rule 15(c), an amended complaint filed after a representative becomes duly appointed relates back to the original complaint. Rather, as the magistrate judge noted, there is sufficient legal authority to support an interpretation of Rule 15(c) that permits the Fourth Amended Complaint to relate back to the original Complaint in such a way that does not modify a substantive right in violation of the Rules Enabling Act.

CCA Defendants' Objection (ECF No. 81) to the Report and Recommendation is overruled.

---

    the date he filed his complaint because the question is based on an assumed set of facts . . . . [w]e therefore decline to hold that appellant's future appointment as personal representative of the decedents' estate – should such an appointment ever occur– will relate back to the date he filed his complaint.

634 N.E.2d at 214.
    Furthermore, the concurring opinion in *Ramsey*, which was the slight majority numerically, did not interpret R.C. § 2125.02(A)(1) as requiring a legally appointed representative file the complaint, only that the personal representative be legally appointed at the summary judgment stage or before settlement is reached. *Id.* at 513-14 (Pfeifer, J., concurring).

(4:11cv2299)

## IV. Conclusion

Accordingly, the Court adopts the magistrate judge's Report and Recommendation. ECF No. 76. CCA Defendants' Motion for Summary Judgment (ECF No. 49) is denied.

IT IS SO ORDERED.


 December 12, 2012              */s/ Benita Y. Pearson*
Date                                                    Benita Y. Pearson
                                                         United States District Judge