PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS KLINGER, JR., *et al.*, | ) | |
| | ) | CASE NO. 4:11cv2299 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF Nos. 99; 100] |

On December 13, 2012, Magistrate Judge Kathleen B. Burke issued a Report (R&R)
recommending that the Motions to Dismiss filed by Defendant United States of America (ECF
No. 71) be granted and Defendants Corrections Corporation of America and Joseph Gunja
(collectively "CCA") (ECF No. 72) be denied without prejudice.  ECF No. 99.  For the reasons
that follow, the Court adopts the R&R recommendations.

## I. Background

Dennis Klinger, Sr. ("Klinger") died while a federal prisoner.  ECF No. 99 at 1.  Klinger
had Crohn's disease.  ECF No. 99 at 1.  In light of his disease, when Klinger was sentenced to
fifteen years in prison on November 30, 2007, the court recommended that he be designated to
serve his sentence at the Butner Federal Correctional Complex in North Carolina ("FCC-
Butner") and/or another facility capable of addressing Klinger's ongoing medical issues.[1]  ECF
No. 99 at 3.  Klinger was initially detained at the Northeast Ohio Correctional Center in
Youngstown, Ohio ("NEOCC") from June 13, 2007, until approximately March 15, 2008, when

---

[1]  FCC-Butner is operated by the Federal Bureau of Prisons ("BOP").  ECF No. 99 at 3.

(4:11cv2299)

he was transferred to FCC-Butner.[2]  ECF No. 99 at 3.  Klinger died while in federal custody at

FCC-Butner on October 29, 2009.  ECF No. 99 at 3.

Klinger's son ("Plaintiff"),[3] the administrator of his estate, brought this action against

Defendants asserting various claims based upon the underlying allegation that Defendants denied

Klinger appropriate medical care, *i.e*., a medically appropriate diet and intravenous Remicade

infusions, while he was confined at both NEOCC and FCC-Butner, and that conduct proximately

caused his death.  ECF No. 99 at 3.

On October 2, 2012, Plaintiff filed his Fourth Amended Complaint with leave of Court,

asserting four counts:

> Count 1: Wrongful Death pursuant to State law against CCA;
>
> Count 2: Tortious Conduct under the Federal Tort Claims Act ("FTCA") against the United States of America: Federal Bureau of Prisons;
>
> Count 3: Violations of the Freedom of Information Act ("FOIA") against the United States of America: Federal Bureau of Prisons; and
>
> Count 4: Intentional Infliction of Emotional Distress ("IIED") pursuant to State law against CCA.

ECF No. 99 at 3-4.  The United States filed a motion to dismiss Counts 2 and 3 pursuant to Fed.

R. Civ. Pro. 12(b)(6) and 12(b)(1).  ECF No. 71.  CCA filed a motion to dismiss Counts 1 and 4

pursuant to Fed. R. Civ. Pro. 8(a)(2) and 12(b)(6).  ECF No. 72.

The magistrate judge granted the United States' motion to dismiss, finding that the

---

[2]  NEOCC is privately owned and operated by CCA.

[3]  Although the Court recognizes the action is brought by an individual and an estate, it will refer to a sole Plaintiff in the balance of this memorandum.

2

(4:11cv2299)

alleged constitutional tort claim Plaintiff appears to have asserted in Count 2 is foreclosed because constitutional tort claims are not cognizable under the FTCA.  ECF No. 99 at 11. Furthermore, because it was not clear what specific claims the Fourth Amended Complaint asserted against the United States, the magistrate judge analyzed an apparent claim against the United States pursuant to the theory of medical malpractice.  ECF No. 99 at 12.  In doing so, the magistrate judge found the claim was barred because Plaintiff failed to include a certification of merit with his complaint as required by controlling North Carolina law.  ECF No. 99 at 12.

As to Count 3, the magistrate judge found the FOIA claim was moot because the BOP had complied with the production request.  ECF No. 99 at 18-19.  Having thus recommended dismissal of the Federal claims, the magistrate judge further recommended the Court decline to exercise supplemental jurisdiction over Counts 1 and 4, the remaining State law claims against CCA, and dismiss those claims without prejudice.  ECF No. 99 at 21.  Plaintiff filed a timely Objection to the R&R.  ECF No. 100.  Defendants responded.  ECF Nos. 101; 102.

## II.  Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*.  Fed. R. Civ. Pro. 72(b)(3).  A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  *Id.*  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report and has considered Plaintiff's arguments raised in objection.  For the reasons below, the Court

3

(4:11cv2299)

agrees with the recommendation of the magistrate judge.

### III.  Discussion

#### A.  Count 2

##### 1.  To the Extent Plaintiff Asserts a Constitutional Tort Pursuant to the FTCA, the Magistrate Judge Properly Dismissed the Claim for Lack of Subject Matter Jurisdiction.

In the Fourth Amended Complaint, under the heading "Tortious Conduct Under the Federal Tort Claims Act," Plaintiff refers to a duty the Defendants had "under the Fifth and Eighth Amendments to the United States Constitution to provide Dennis with adequate medical care while he was in federal custody."  ECF No. 63 at 11.  The United States initially believed Plaintiff was asserting a medical malpractice claim pursuant to the FTCA.  ECF No. 71-1 at 3. After Plaintiff, in Opposition, expressly stated his claim is not a medical malpractice claim but, rather, a claim against the United States for "wrongful death by constitutional violation," the United States and the magistrate judge interpreted the above language as asserting a constitutional tort claim pursuant to the FTCA.[4]  ECF No. 94 at 1.  The magistrate judge found that, to the extent Plaintiff asserted a constitutional tort claim under the FTCA, the claim must be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for constitutional torts.  ECF No. 99 at 7.  Plaintiff does not object to this finding.  In the interest of clarity, the Court adopts the portion of the R&R dismissing a possible constitutional tort claim pursuant to the FTCA.

---

[4]  In his initial Complaint, Plaintiff alleged a constitutional violation based upon § 1983, and later indicated he had been asserting a *Bivens* claim.  ECF Nos. 1 at 2; 100 at 13.

4

(4:11cv2299)

> **2.  To the Extent Plaintiff Asserts a Medical Malpractice Claim, the Magistrate Judge Properly Dismissed the Claim Without Prejudice for Failing to Include a Certification of Merit.**

As noted, the United States initially interpreted Count 2 as one for medical malpractice under the FTCA.  ECF No. 71-1 at 1.  Pursuant to North Carolina law, which governs Plaintiff's alleged medical malpractice claim, a plaintiff filing a complaint alleging medical malpractice must include a certification of merit.  ECF No. 99 at 13.  Failure to include such a certification in the complaint will result in dismissal.  ECF No. 99 at 13.  Plaintiff did not include a certification of merit with any of his five complaints, despite having been put on notice long ago of the requirement.  ECF No. 99 at 17.  Thus, the magistrate judge determined that any medical malpractice claim be dismissed without prejudice for failure to provide a certification of merit.  ECF No. 99 at 17.[5]  Though Plaintiff strongly avers he is not asserting a medical malpractice claim (ECF Nos. 86 at 1; 100 at 1), the Court, in the interest of clarity, adopts the portion of the R&R dismissing any medical malpractice claim for failure to provide a certification of merit.[6]

---

[5]  Because Plaintiff had been given notice of the certification requirement, and his decision not to include one with any of his five complaints was deliberate, the magistrate judge recommended that Plaintiff's footnoted request to amend his complaint in order to furnish one should be denied.  ECF No. 99 at 16.  The magistrate judge also noted the North Carolina Supreme Court has stated that the certificate be obtained before commencement of litigation.  ECF No. 99 at 16.  Thus, Plaintiff's request made in Opposition appears more strategic than sincere.

[6]  Plaintiff, in his Objection, for the first time asserts that it was "legally impossible" for him to have included a certification of merit because he did not have the medical records necessary for such a certificate due to the United States' alleged FOIA violations.  ECF No. 100 at 15.  As noted above, Plaintiff had previously asserted and continues to assert they are not alleging a medical malpractice claim and, as such, are not required to obtain a certificate.  *E.g.*, ECF No. 86 at 5.  In the event Plaintiff is now attempting to argue a medical malpractice claim while simultaneously asserting he is not alleging a medical malpractice claim, any argument that

5

(4:11cv2299)

### 3.  Plaintiff's New Claim of Negligence Pursuant to the FTCA

Plaintiff, in his Objection, now asserts his claim is "ordinary negligence for which the FTCA provides a clear and unambiguous avenue for relief." ECF No. 100 at 5.  Plaintiff, however, did not make this argument at any time prior to his Objection in any way that was cognizable to the United States, the magistrate judge, or, upon review of the record, the Court. Instead, Plaintiff appeared to have asserted a constitutional tort claim.

In response to the United States' medical malpractice arguments advanced in its motion brief, Plaintiff asserted that his "claims do not arise under the common law of North Carolina for medical malpractice, but arise from the deliberate indifference shown to Dennis's sever (sic) medical need in violation of the Eighth Amendment to the U.S. Constitution." ECF No. 86 at 5. The remainder of Plaintiff's argument in Opposition only recites what his claim is not: it is not medical malpractice; it does not require a certificate; the FOP is not a medical provider under North Carolina's General Statute, as required for a medical malpractice claim; the claim is not based upon the applicable standard of care; it is not brought against any medical personnel or against any health care provider; and there is a "distinction between wrongful death and other

---

he could not comply with the certification requirement is not properly brought before the Court because it is presented for the first time in an objection to an R&R.  This argument is deemed waived.  *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[w]hile the Magistrate Judge Act, 28 U.S.C. § 631 [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *See also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived").

6

(4:11cv2299)

injury claims under North Carolina Law." ECF No. 86 at 6-7.

Despite listing all the things the claim is not, Plaintiff actively shies away from designating what his claim is, in a manner akin to a game of charades.[7]  Plaintiff, though generously vocal in criticizing the claims tortuously extracted by the United States and the magistrate judge from Plaintiff's filings, offered no alternative claims or theories to the United States upon which it could have raised a response.  The United States and the magistrate judge did their best to understand Plaintiff's claim and attendant assertions, and their necessary interpretations were perfectly reasonable.[8]  Indeed, Plaintiff does not allege that the magistrate judge misconstrued his claim.  Plaintiff agrees that the "state law claims undergirding the FTCA count were vague. . . .[and] intentionally left open-ended" and "acknowledges that his description of the [claim] in the prior brief relied heavily upon the description of this constitutional violation, to the exclusion of discussing ordinary negligence under Ohio state law." ECF No. 100 at 13, 14.

---

[7] Plaintiff insists the "government's position actually betrays a classic logical fallacy of causation known as *post hoc ergo propter hoc* ('after this, therefore because of this'). Consequently, the courthouse doors should not be slammed on the Klinger Family based solely upon the government's lack of logical rigor in pursuing their defenses." ECF No. 86 at 7.

[8] Courts are not required to conjure up questions not squarely presented to them.  To do so would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Crawford v. Crestar Foods*, 2000 WL 377349, at *2 (6th Cir. April 6, 2000) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).  Moreover, a plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

7

(4:11cv2299)

Plaintiff now argues, for the first time, that he is asserting a claim for "ordinary negligence for which the FTCA provides a clear and unambiguous avenue for relief." ECF No. 100 at 5.  Plaintiff, for the first time, relies in large part upon *Estate of Waters v. Jarman*, 547 S.E.2d 142, 144 (N.C. Ct. App. 2001) (ECF No. 100 at 5), a case twice previously cited by the United States in its Motion brief.  ECF No. 71-1 at 6, 7.[9]  Plaintiff also, for the first time, argues that he is asserting a claim "under the doctrine of *res ipsa loquitur*.  ECF No. 100 at 10.  The Court notes that this doctrine was also referenced in the United States' Motion brief.  ECF No. 71-1 at 4.  The Court notes these previous references by the United States in order to point out that Plaintiff had been apprised of these possible legal theories and could have embraced them in his Opposition.[10]  Plaintiff deliberately chose not to.  Plaintiff attempts to do so now.[11]

As already noted, "[w]hile the Magistrate Judge Act [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court review stage new arguments or issues that were not presented to the

---

[9]  Plaintiff, suddenly well versed in case law, also relies upon numerous other cases to support his new theory of negligence.  ECF No. 100 at 5-8.

[10]  This is not the first time Plaintiff has ignored an argument on multiple occasions only to, much later and at an inappropriate time, ask for leave of Court to remedy the impairment. *E.g.*, ECF No. 99 at 16, *supra*.

[11]  In an apparent recognition of his lack of "logical rigor" in pursuing his claims, Plaintiff, in his Objection, states,

> [t]he undersigned counsel again acknowledges that his previous description of the Klinger Family's causes of action in the prior brief relied too heavily upon the description of this constitutional violation, without developing the causes of action for ordinary negligence under North Carolina state law.  The undersigned apologizes to the Court for the confusion this oversight appears to have caused.

ECF No. 100 at 13.

8

(4:11cv2299)

magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing 28 U.S.C.A. 631 *et seq.*). *See also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"); *see also Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (noting that the purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work, and "it would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate [judge]. Parties must take before the magistrate [judge], 'not only their "best shot" but all of their shots[,]'" quoting *Singh v. Superintending Sch. Comm.*, 593 F.Supp. 1315, 1318 (D.Me. 1984)); *Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act") (overruled on other grounds).

The Court adheres to the principles cited above. Plaintiff does not state any compelling reason for his failure to assert this new legal theory when the issue was raised by Defendants' motions to dismiss and presented to the magistrate judge for adjudication.[12] He may not do so now.

### B. Count 3

The magistrate judge recommended dismissal of Plaintiff's FOIA claim because the claim

---

[12] The Court further notes that Plaintiff, in filing five complaints, has had the benefit of four previously mooted motions to dismiss and two reply briefs filed by Defendants to refine his legal theories and causes of action.

(4:11cv2299)

is moot.  ECF No. 99 at 19.  The magistrate judge found that because the United States provided

evidence that the BOP has fully responded to the FOIA request, and because Plaintiff failed to

offer any evidence whatsoever to support his claim that the BOP failed to produce all responsive

documents, Plaintiff failed to establish that there is a justiciable case or controversy.[13]  ECF No.

99 at 19.

      Plaintiff does not object to the magistrate judge's legal analysis.  Rather, in a footnote,

Plaintiff asserts, for the first time, that "the Klinger Family has not received any medical records

pertaining to Dennis from NEOCC, though same were requested from the United States under

the Klinger family's prior FOIA requests."  ECF No. 100 at 15 n.8.  Furthermore, Plaintiff

"requests that this matter be reserved for summary judgment at the close of discovery."  ECF No.

100 at 15 n. 8.

      As previously noted, twice, matters not brought to the attention of the magistrate judge

will not be considered when first raised in objections.  The magistrate judge wrote, "[i]n his

Memorandum in opposition, Plaintiff notably does not deny that the BOP has now completed its

production of all responsive documents."  ECF No. 99 at 18.[14]  The magistrate judge further

stated that, instead, Plaintiff argues that the Court should disregard the United States' submitted

declaration that all requests were complied with because Fed. R. Civ. Pro. 12(b)(6) only tests the

---

[13]  The magistrate judge determined that the United States filed its Motion to Dismiss
pursuant to both 12(b)(6) and 12(b)(1), and matters outside the pleadings may be considered on a
Rule 12(b)(1) motion.  ECF No. 99 at 18.  Plaintiff does not object to this finding.

[14]  Plaintiff asserted that as of the date of the filing of the Fourth Amended Complaint
there were outstanding documents.  ECF No. 86 at 13.

(4:11cv2299)

sufficiency of the pleadings and, because Plaintiff alleged in his Fourth Amended Complaint that the requests were outstanding, the Court may not look beyond these allegations.  ECF No. 99 at 18.  A review of the parties' briefs confirms these statements.

The United States, in its Motion brief, noted that "[t]he BOP has provided Plaintiff with all of the medical records in BOP's possession relating to Plaintiff's decedent."  ECF No. 71-1 at 13.  All medical records were sent on June 4, 2012, and June 20, 2012.  ECF No. 71-1 at 12.  On September 28, 2012, the BOP "provided Plaintiff's counsel with 351 pages of documents relating to Plaintiff's FOIA request for contracts between the BOP and CCA."  ECF No. 71-1 at 13.

Plaintiff, in his Opposition, only alleged, without specification, that "as of the date of filing Plaintiff's Fourth Amended Complaint [filed October 2, 2012], requested records still remained outstanding."  ECF No. 86 at 13.  Plaintiff did not deny that, as of the date of the filing of his Opposition, the records request had been complied with, as asserted by the United States.  Moreover,  Plaintiff was on notice that all the medical records had been sent in June, 2012, and, if certain medical records had not been sent, Plaintiff should have said so when the issue was squarely before the magistrate judge.

It should further be noted that during Klinger's incarceration at NEOCC he was in the custody of the U.S. Marshal, not the BOP.  ECF No. 101 at 3-4.  Plaintiff has given the Court no reason to believe that the BOP would have records pertaining to Klinger's incarceration at NEOCC.  Plaintiff did not submit an FOIA request to the U.S. Marshal.  Rather, Plaintiff requested of the BOP "[c]omplete medical records for Dennis Klinger, Sr. for all times during his incarceration within the Federal Bureau of Prisons system."  ECF No. 48-4 at 8.  The FOIA does

11

(4:11cv2299)

not require the BOP to provide documents that it does not possess.  *See Sneed v. U.S. Dep't of Labor*, 14 F. App'x 343, 345 (6th Cir. 2001) ("[t]he agency's possession of the requested documents is an indispensable prerequisite to liability in a FOIA suit.") (citing *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 155 (1980)).  Moreover, FOIA by its terms applies only to the records of federal government agencies.  5 U.S.C. § 552(a)(3). NEOCC is not a federal agency, and FOIA therefore imposes no duty upon the BOP to obtain or provide NEOCC records that it does not otherwise possess.  *See Anderson v. U.S. Dep't of Justice*, 518 F.Supp.2d 1, 10 (D.D.C. 2007) ("[t]he FOIA [ ] applies only to agencies within the executive branch of the federal government and governs the disclosure of federal agency records.").

The Court adopts the R&R recommendation and dismisses Count 3.

**C.  Counts 1 and 4**

Based upon the dismissal of the Federal claims in Counts 2 and 3, the magistrate judge recommended the Court decline to exercise supplemental jurisdiction over Counts 1 and 4, the remaining State law claims.  ECF No. 99 at 20-21.  Plaintiff does not object to this finding and recommendation.  The Court adopts the recommendation in the R&R and dismisses Counts 1 and 4 without prejudice.

**IV.  Conclusion**

For the reasons explained above, the Court overrules Plaintiff's objections (ECF No. 100) and adopts the R&R (ECF No. 99) in its entirely.  Defendant United States of America's Motion to Dismiss (ECF No. 71) is granted.  Count 2 is dismissed with prejudice to the extent it purports

12

(4:11cv2299)

to state a constitutional tort claim and without prejudice to the extent it purports to state a claim

for medical malpractice.  Count 3 is dismissed with prejudice.

Defendant CCA's Motion to Dismiss (ECF No. 72) is denied without prejudice.  Counts

1 and 4 are dismissed without prejudice.

The matter is closed.


IT IS SO ORDERED.

  January 11, 2013                                  /s/ Benita Y. Pearson           

Date                                            Benita Y. Pearson
                                                United States District Judge

13